Case 8:23-cv-02248-JSM-LSG    Document 1-1    Filed 10/04/23    Page 1 of 24 PageID 15

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>KAYLA LOPO</u>
Plaintiff                                                             Case # _____
                                                                          Judge   _____

vs.
<u>ASHLEY FURNITURE INDUSTRIES</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason William Imler        Fla. Bar # 1004422
        Attorney or party                  (Bar # if attorney)

Jason William Imler           08/31/2023
  (type or print name)           Date

Filing # 180923454 E-Filed 08/31/2023 03:30:21 PM

**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

**KAYLA LOPO,**

     **Plaintiff,**

**v.**                                 **CASE NO:**

**ASHLEY FURNITURE INDUSTRIES,**

     **Defendant.**

_____./

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KAYLA LOPO, (hereinafter "Ms. Lopo" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, ASHLEY FURNITURE INDUSTRIES, (hereinafter "AFI," "Company," or "Defendant") and states the following:

**INTRODUCTION**

1. The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on gender and sexual orientation discrimination in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her gender and sexual orientation and retaliated against her in violation of her rights under the FCRA.

3. As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future

pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This is an action for damages which exceeds thirty thousand dollars ($30,000.00).

6. This is a civil action by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al*.

7. Venue is appropriate in Hillsborough County under § 47.011, Florida Statutes (2016), because the events giving rise to the cause of action occurred in Hillsborough County.

## PARTIES

8. The Plaintiff is KAYLA LOPO, thirty-six-year-old lesbian who resides in Hillsborough County, Florida.

9. Plaintiff is a member of a class protected against discrimination based on her gender and sexual orientation by the FCRA.

10. Defendant employed Plaintiff to work as a Quality Supervisor for their Brandon, Florida Retail Distribution Center from November 16, 2020, until February 22, 2022.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable state statutes.

12. The Defendant is ASHLEY FURNITURE INDUSTRIES, a Foreign Limited Liability Company with a principal address located at One Ashley Way, Arcadia, Wisconsin 54612.

2

13.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida from their location at 2998 Broadway Center Blvd, Brandon, Florida 33510.

14.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable state statutes including, but not limited to, the FCRA.

15.     Accordingly, Defendant is liable under the FCRA for the unlawful discrimination to which it subjected Plaintiff as more fully alleged herein.

## **ADMINISTRATIVE PREREQUISITES**

16.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.     On April 18, 2022, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, gender, and sexual orientation discrimination.

18.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

19.     All conditions precedent to bringing this action have been performed or have occurred.

3

## GENERAL ALLEGATIONS

20.    On November 16, 2020, Ms. Lopo began her employment with AFI as a Quality Supervisor for the Brandon, Florida Retail Distribution Center (RDC).

21.    Ms. Lopo reported directly to the Senior Quality Manager of Retail, Matt Schultz, and the Employment Manager, Mike Gappa.

22.    Throughout her employment, Ms. Lopo often heard her coworkers making inappropriate and offensive comments about her sexuality. Mr. Schultz was no exception.

23.    Tired of Mr. Schultz's unethical behavior, Ms. Lopo reached out to AFI's Senior Operations Manager, Logan Huston, to request a transfer to a new supervisor. Mr. Huston sympathized with Ms. Lopo but told her that a transfer was not likely.

24.    Ms. Lopo then reached out to AFI's Regional Human Resources Manager of Global Retail, LLC., Janet Morgan. Ms. Morgan let Ms. Lopo know that she spoke with Mr. Gappa and informed him that Ms. Lopo wanted a transfer, hoping that Mr. Gappa would assist Ms. Lopo to transfer out of her department.

25.    Ms. Lopo began applying for open positions in various Ashley companies. She applied for eleven (11) positions in total between December 10, 2021, and March 2022. Unfortunately, Ms. Lopo never received a transfer.

26.    On January 15, 2022, Mr. Schultz offered Ms. Lopo the option to take the day off to make up for having to work on January 13, 2022, her anniversary. Ms. Lopo thanked Mr. Schultz for his consideration, but when she did, Mr. Schultz asked her, "So which one of you in the relationship is considered the masculine one?" Rightfully offended by Mr. Schultz's question and by the fact that he asked her something like that in front of her coworker, Kayla Estrella, Ms. Lopo

4

answered, "I'm better with money and finances." Mr. Schultz then replied, "Okay, it's you then! Why don't you go home and surprise your wife and buy her flowers?"

27.    Having taken offense at Mr. Schultz's questions, Ms. Lopo left the office and later submitted a formal complaint to Ms. Morgan.

28.    Following her complaint, Mr. Schultz and Mr. Gappa actively went out of their way to make Ms. Lopo's work environment unbearable. They allowed Jason Hunt and Maurice Hollinger, Ms. Lopo's subordinates, to verbally assault her without facing any consequences for their unethical behavior.

29.    Ms. Lopo tried to address her subordinates' behavior, but Mr. Schultz and Mr. Gappa did not allow it, effectively rendering Ms. Lopo powerless to the abuse and harassment.

30.    At one point, Ms. Lopo's subordinates filed a formal complaint against her, and AFI addressed their complaint by immediately placing Ms. Lopo on a final written warning. However, at no point did AFI act against Mr. Schultz regarding Ms. Lopo's verified complaint.

31.    On February 22, 2022, Mr. Schultz terminated Ms. Lopo's employment. He alleged behavior issues were the reason behind her termination.

<u>**COUNT I**</u>
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Gender and Sexual Orientation Discrimination**

32.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.    Plaintiff, a thirty-six-year-old lesbian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender and sexual orientation.

34.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

5

35.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

36.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on her gender.

37.     As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

38.     Defendant violated the FCRA by, among other things, failing to promptly correct Mr. Schultz, Mr. Gappa. Mr. Hunt, and Mr. Hollinger for their discriminatory behavior and by terminating Plaintiff as a form of retaliation following her formal written complaint regarding the discriminatory behavior she had to face at work.

39.     Plaintiff, by being subjected to this disparate treatment, discrimination, and hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

40.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take

6

prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

41.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, KAYLA LOPO, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ASHLEY FURNITURE INDUSTRIES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender and sexual orientation;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused

7

and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Retaliation

42.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

43.    Plaintiff a thirty-six-year-old lesbian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender and sexual orientation.

44.    On or about January 15, 2020, Ms. Lopo submitted a formal complaint to Ms. Morgan regarding the sexually offensive comment Mr. Shultz's made to Ms. Lopo regarding her gender and sexual orientation.

45.    Following her complaint, Mr. Schultz and Mr. Gappa actively went out of their way to make Ms. Lopo's work environment unbearable. They allowed Jason Hunt and Maurice Hollinger, Ms. Lopo's subordinates, to verbally assault her without facing any consequences for their unethical behavior.

46.    Ms. Lopo tried to address her subordinates' behavior, but Mr. Schultz and Mr. Gappa did not allow it, effectively rendering Ms. Lopo powerless to the abuse and harassment.

8

47.     At one point, Ms. Lopo's subordinates filed a formal complaint against her, and AFI addressed their complaint by immediately placing Ms. Lopo on a final written warning. However, at no point did AFI act against Mr. Schultz regarding Ms. Lopo's verified complaint.

48.     On February 22, 2022, Mr. Schultz terminated Ms. Lopo's employment. He alleged behavior issues were the reason behind her termination.

49.     Defendant subjected Plaintiff to adverse employment actions in retaliation for her complaints of gender discrimination.

50.      The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

51.     As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

52.     Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

53.     Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

54.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived her of statutory rights under the FCRA.

55.     As a direct, proximate, and foreseeable result of Defendant's aforementioned

9

actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, KAYLA LOPO, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ASHLEY FURNITURE INDUSTRIES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her continued complaints related to the discriminatory conduct of her coworkers;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

10

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 31st day of August 2023.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com

11

# IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
# CIVIL DIVISION

**KAYLA LOPO,**

    **Plaintiff,**

**v.**
                                  **CASE NO: 23CA014927**
                                    **DIVISION I**

**ASHLEY FURNITURE INDUSTRIES,**

    **Defendant.**

_____./

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant ASHLEY FURNITURE INDUSTRIES', registered agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

Each defendant is required to serve written defenses to the complaint or petition on <u>JASON W. IMLER</u>, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this ~~XXXXXXXXXXXXXXXXX~~ **SEPTEMBER 1, 2023**

Printed: _____Jason W. Imler_____
Attorney for KAYLA LOPO
23110 State Road 54, Unit 407
Lutz, Florida 33549
Phone  (813) 553-7709
Florida Bar No.: ___1004422___

Cindy Stuart,
as Clerk of the Court

By: _Courtney Clayton_____
As Deputy Clerk
(813) 276-8100

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation, please contact Court Administration within 2 working days of the date the service is needed: Complete the Request for Accommodations Form and submit to 800 E. Twiggs Street, Room 604, Tampa, FL 33602.

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.

Filing # 180923454 E-Filed 08/31/2023 03:30:21 PM

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

KAYLA LOPO,

      Plaintiff,

v.                                      CASE NO:

ASHLEY FURNITURE INDUSTRIES,

      Defendant.

_____./

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant ASHLEY FURNITURE INDUSTRIES', registered agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

Each defendant is required to serve written defenses to the complaint or petition on JASON W. IMLER, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this 31st day of August 2023

Printed: ____Jason W. Imler_____
Attorney for KAYLA LOPO
23110 State Road 54, Unit 407
Lutz, Florida 33549
Phone  (813) 553-7709
Florida Bar No.: __1004422_____

Cindy Stuart,
as Clerk of the Court

By: _____
As Deputy Clerk
(813) 276-8100

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation, please contact Court Administration within 2 working days of the date the service is needed: Complete the Request for Accommodations Form and submit to 800 E. Twiggs Street, Room 604, Tampa, FL 33602.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.

Filing # 180923454 E-Filed 08/31/2023 03:30:21 PM

**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

**KAYLA LOPO,**

      **Plaintiff,**

**v.**                                          **CASE NO:**

**ASHLEY FURNITURE INDUSTRIES,**

      **Defendant.**

_____./

### REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the: **Tampa Division**

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders. If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

                                          Respectfully submitted by:

                                          */s/ Jason W. Imler, Esq*
                                          Jason W. Imler
                                          Florida Bar No. 1004422
                                          **Imler Law**
                                          23110 State Road 54, Unit 407
                                          Lutz, Florida 33549
                                          (P): 813-553-7709
                                          Jason@ImlerLaw.com
                                          *A*t*torneys for Plaintiff*

8/31/2023 3:30 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 1

Filing # 180923454 E-Filed 08/31/2023 03:30:21 PM

# IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

**KAYLA LOPO,**

     **Plaintiff,**

**v.**                                         **CASE NO: 23CA014927**
                                                               **DIVISION I**

**ASHLEY FURNITURE INDUSTRIES,**

     **Defendant.**

_____./

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant ASHLEY FURNITURE INDUSTRIES', registered agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

Each defendant is required to serve written defenses to the complaint or petition on <u>JASON W. IMLER</u>, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this ~~XXXX day of August XXXX~~ **SEPTEMBER 1, 2023**

| | | |
|---|---|---|
| Printed:   Jason W. Imler | | Cindy Stuart, |
| Attorney for KAYLA LOPO | | as Clerk of the Court |
| 23110 State Road 54, Unit 407 | | |
| Lutz, Florida 33549 | | By: _Courtney Clayton_ |
| Phone  (813) 553-7709 | | As Deputy Clerk |
| Florida Bar No.:   1004422 | | (813) 276-8100 |

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation, please contact Court Administration within 2 working days of the date the service is needed: Complete the Request for Accommodations Form and submit to 800 E. Twiggs Street, Room 604, Tampa, FL 33602.

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.



# Case Information

| 🔒 Icon Keys | 📘 Summary | 👥 Parties | 📑 Events |
|---|---|---|---|
| 📋 Case Options & Payments | 📅 Hearings | 💲 Financial | |
| 📁 File Location | 🗂️ Related Cases | | |

Filter Events Dates:     From     To     **Filter**

Show 50 entries     Search:

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|---|---|---|---|---|---|---|
| | 9 | 09/07/2023 | NOTICE OF FILING | PLAINTIFF'S NOTICE OF FILING PROOF OF SERVICE ON DEFENDANT | | |
| | 10 | 09/07/2023 | SUMMONS RETURNED SERVED | 09/05/23 DEFT. ASHLEY FURNITURE INDUSTRIES C/O | | |
| | 7 | 09/01/2023 | General Differentiated Case Management Order | | | |
| ⬇️ | 8 | 09/01/2023 | E-FILED SUMMONS ISSUED | | | |

Privacy - Terms

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image | Certify |
|--------|----------------|---------------------|------------------|---------|-------|---------|
| ⬇ | 8 | 09/01/2023 | E-FILED SUMMONS ISSUED | | 📄 | 🛒 |
| | 1 | 08/31/2023 | File Home Location - Electronic | | | |
| | 2 | 08/31/2023 | General Differentiated Case Management Applies | | | |
| ⬇ | 3 | 08/31/2023 | CIVIL COVER SHEET | | 📄 | 🛒 |
| ⬇ | 4 | 08/31/2023 | COMPLAINT | | 📄 | 🛒 |
| ⬇ | 5 | 08/31/2023 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | | 📄 | 🛒 |
| ⬇ | 6 | 08/31/2023 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | | 📄 | 🛒 |

Showing 1 to 11 of 11 entries (filtered from 0 total entries)

Previous | 1 | Next

If no Icons Appear under the Image Column, click here to order copies of documents

Indicates document is ready to be viewed          Displays additional event information

 Indicates document needs redaction review prior to public viewing

Indicates document is undergoing redaction

 Indicates document is sealed by the Court Order or Confidential by Court rule. Image cannot be viewed

Click to purchase electronically certified copies of documents

Image Pending Review

If No Image Appears there is either no image available or document has not been converted to electronic image.

Exit Case Details

 

© 2023- Hillsborough County Clerk of Court and Comptroller