# IMLER LAW

WWW.IMLERLAW.COM

April 5, 2023

**VIA US MAIL and EMAIL**

Cherise Esposito
Sandra Hinckley
1670 E 8th Avenue
Tampa, Florida 33605
Cesposito@ashleyfurniture.com
shinckley@ashleyfurniture.com

| RE: | | |
|---|---|---|
| | **Client:** | **Kayla Lopo** |
| | **Claim:** | **Florida Civil Rights Act Discrimination** |
| | **Your Company:** | **Ashley Furniture Industries** |
| | **EEOC filing date:** | **April 18, 2022** |
| | **EEOC Charge No.:** | **511-2022-01782** |

Ms. Esposito and Ms. Hinckley:

Kayla Lopo has retained my firm to represent her with respect to her claims under the Florida Civil Rights Act of 1992 ("FCRA"), relating to her termination from Ashley Furniture Industries ("AFI") on November 5, 2021, because of her sexual orientation. The purpose of this letter is to demand payment of $100,000.00 in full settlement of her claims.

**Demand for Insurance Information Pursuant to § 627.4137, Florida Statutes**

At this time, we request that AFI comply with § 627.4137, Florida Statutes and disclose the name and coverage provided by each known insurer providing Employment Practices Liability Insurance (EPLI) or General Liability Insurance coverage that may have been in effect while Ms. Lopo was employed by AFI or on the date of her termination. In addition, we require that you forward this letter to any applicable insurance carrier as required by § 627.4137. Failure to forward this request to an insurance provider could void coverage under the policy.

Imler Law
19409 Shumard Oak Drive #103
Land O'Lakes, FL 34638
813.553.7709 | info@imlerlaw.com

Cherise Esposito
Sandra Hinckley
April 5, 2023
Page 2 of 6

**Request for the Preservation of Records, including Electronically Stored Information**

At this time, we would also request that you take all steps necessary to preserve the following records and Electronically Stored Information (ESI):

- Kayla Lopo's employee file;
- Matt Shultz's employee file;
- Mike Gappa's employee file;
- Janet Morgan's employee file;
- Kayla Estrella's employee file;
- Jason Hunt's employee file;
- Maurice Hollinger's employee file;
- Rick Gorka's employee file;
- Brenda Cody's employee file;
- Logan Huston's employee file;
- Mike Monte's employee file;
- Richard Allen's employee file;
- all records relating to investigations of discrimination relating to Ms. Lopo's complaints to Mr. Huston;
- all records relating to investigations of discrimination relating to Ms. Lopo's complaints to Ms. Morgan;
- all records relating to staff assignments and schedules during Ms. Lopo's employment; and
- all emails, letters, notes, memoranda, text messages or other communications to or from Matt Shultz, Mike Gappa, Janet Morgan, Kayla Estrella, Jason Hunt, Maurice Hollinger, Rick Gorka, Brenda Cody, Logan Huston, Mike Monte, Richard Allen and Kayla Lopo pertaining to Kayla Lopo.

Failure to preserve this evidence could result in judicial sanctions in a future Court action.

## STATEMENT OF THE FACTS

Kayla Lopo is a thirty-six-year-old, Lesbian. On November 16, 2020, Ashley Furniture Industries hired Ms. Lopo as a Quality Supervisor for the Brandon, Florida Retail Distribution Center (RDC). As the RDC Quality Supervisor, Ms. Lopo worked with the retail distribution center and customer service management to analyze processes to improve quality, reduce variation and increase throughput. Ms. Lopo collected, analyzed, and reported data on product performance and standard operating procedure conformity on processes in multiple areas of the RDC. Ms. Lopo utilized Continuous Improvement communication tools for reporting findings to quality, manufacturing, and warehouse management. Ms. Lopo also audited various processes in the distribution center such as product locations, delivery truck preparations, prep cell processes, product handling, etc. Lastly, Ms. Lopo assisted in the development of training and development for warehouse personnel and recommended changes to improve processes.

Cherise Esposito
Sandra Hinckley
April 5, 2023
Page 3 of 6

During her employment, Ms. Lopo reported to Ashley's Senior Quality Manager of Retail, Matt Shultz, and Employment Manager, Mike Gappa. Throughout Ms. Lopo's employment, it was not uncommon for people, Mr. Schultz included, to make inappropriate and derogatory comments regarding Ms. Lopo's sexuality. Because of this behavior, that Mr. Schultz seemingly endorsed, Ms. Lopo reached out to AFI's Senior Operations Manager Logan Huston about the discrimination she had been subjected to during her employment and her desire to transfer to a new supervisor. Mr. Huston supported her decision but told her a transfer was not likely.

After discussing the discrimination she had been subjected to with Mr. Huston, Ms. Lopo reached out to AFI's Regional Human Resources Manager of Global Retail, LLC., Janet Morgan, multiple times seeking a transfer to a different team because of the uncomfortable way her current team and supervisor made her feel. Ms. Morgan let Ms. Lopo know that she spoke with Mr. Gappa and let him know that Ms. Lopo wanted to transfer in hopes Mr. Gappa would assist Ms. Lopo with transferring out of her current department. As such, Ms. Lopo began to apply for posted open positions within the Ashley family of companies. In total, Ms. Lopo applied for eleven (11) positions between December 10, 2021, and March 2022. Unfortunately, Ms. Lopo never received a transfer.

On January 15, 2022, Mr. Schultz offered to allow Ms. Lopo to take the day off to make up for her having to work on January 13, 2022, her anniversary. While thanking Mr. Schultz for the gesture, Mr. Schultz proceeded to ask Ms. Lopo, "So which one of you in the relationship is considered the masculine one?" Taken back and completely offended, that Mr. Schultz dared ask her such a question in front of her coworker, Kayla Estrella, Ms. Lopo replied, "I'm better with money and finances." Mr. Schultz responded, "Okay, it's you then! Why don't you go home and surprise your wife and buy her flowers?" Feeling personally attacked by Mr. Schultz's questions, Ms. Lopo left the office, drafted a formal written complaint, and submitted the complaint to Ms. Morgan.

Following Ms. Lopo's complaint, Mr. Schultz and Mr. Gappa seemingly went out of their way to make Ms. Lopo's work environment unbearable. They allowed Ms. Lopo's subordinate, Jason Hunt, to verbally cuss at Ms. Lopo without recourse and allowed another subordinate, Maurice Hollinger, to verbally assault her, again without recourse. When Ms. Lopo tried to address the behavior of these subordinates, Mr. Gappa and Mr. Schultz refused to allow it, rendering Ms. Lopo powerless to the abuse. On February 22, 2022, Mr. Schultz terminated Ms. Lopo's employment citing behavior issues as the reason.

AFI, by and through their agents Matt Shultz and Mike Gappa discriminated against Ms. Lopo because of her sexual orientation and retaliated against her be terminating her employment in response to her complaints regarding sexual orientation discrimination in violation of the Florida Civil Rights Act.

## LEGAL ANALYSIS

AFI is liable for its termination of Ms. Lopo under the Florida Civil Rights Act.

Cherise Esposito
Sandra Hinckley
April 5, 2023
Page 4 of 6

The Florida Civil Rights Act, provides: the general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

The Florida Civil Rights Act, further states, it is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

On Monday, June 15, 2020, the U.S. Supreme Court published a historic decision in *Bostock v. Clayton County, Ga.* A 6-3 majority held the prohibition against sex discrimination in employment in Title VII of the Civil Rights Act of 1964 ("Title VII") includes discrimination based upon sexual orientation. The Florida Commission on Human Relations (FCHR) has issued a notice formally announcing its intent to fully implement the US Supreme Court's ruling in *Bostock v. Clayton County* and investigate claims of anti-LGBTQ discrimination based on sexual orientation and gender identity.

The Supreme Court has said a claimant may establish a prima facie case of discrimination by showing: 1) the claimant is a member of a protected class; 2) that he was subjected to an adverse employment action; 3) his employer treated similarly situated employees outside his protected class more favorably; and 4) he was qualified for his position. *McDonnell Douglas Corp. v. Green*, 411 U. S. 792, 802 (1973).

Kayla Lopo is a thirty-six-year-old, Lesbian. On November 16, 2020, Ashley Furniture Industries hired Ms. Lopo as a Quality Supervisor for the Brandon, Florida Retail Distribution Center (RDC). During her employment, Ms. Lopo reported to Ashley's Senior Quality Manager of Retail, Matt Shultz, and Employment Manager, Mike Gappa. Throughout Ms. Lopo's employment, it was not uncommon for people, Mr. Schultz included, to make inappropriate and derogatory comments regarding Ms. Lopo's sexuality. Because of this behavior, that Mr. Schultz seemingly endorsed, Ms. Lopo reached out to AFI's Senior Operations Manager Logan Huston about the discrimination she had been subjected to during her employment and her desire to

Cherise Esposito
Sandra Hinckley
April 5, 2023
Page 5 of 6

transfer to a new supervisor. Mr. Huston supported her decision but told her a transfer was not likely.

After discussing the discrimination she had been subjected to with Mr. Huston, Ms. Lopo reached out to AFI's Regional Human Resources Manager of Global Retail, LLC., Janet Morgan, multiple times seeking a transfer to a different team because of the uncomfortable way her current team and supervisor made her feel. Ms. Morgan let Ms. Lopo know that she spoke with Mr. Gappa and let him know that Ms. Lopo wanted to transfer in hopes Mr. Gappa would assist Ms. Lopo with transferring out of her current department. As such, Ms. Lopo began to apply for posted open positions within the Ashley family of companies. In total, Ms. Lopo applied for eleven (11) positions between December 10, 2021, and March 2022. Unfortunately, Ms. Lopo never received a transfer.

On January 15, 2022, Mr. Schultz offered to allow Ms. Lopo to take the day off to make up for her having to work on January 13, 2022, her anniversary. While thanking Mr. Schultz for the gesture, Mr. Schultz proceeded to ask Ms. Lopo, "So which one of you in the relationship is considered the masculine one?" Taken back and completely offended, that Mr. Schultz dared ask her such a question in front of her coworker, Kayla Estrella, Ms. Lopo replied, "I'm better with money and finances." Mr. Schultz responded, "Okay, it's you then! Why don't you go home and surprise your wife and buy her flowers?" Feeling personally attacked by Mr. Schultz's questions, Ms. Lopo left the office, drafted a formal written complaint, and submitted the complaint to Ms. Morgan.

Despite addressing false accusations alleged by Ms. Lopo's subordinates and immediately placing Ms. Lopo on a final written warning in response to their complaints, AFI refused to take any action against Mr. Schultz regarding Ms. Lopo's verified complaint. Instead following Ms. Lopo's complaint, Mr. Schultz and Mr. Gappa seemingly went out of their way to make Ms. Lopo's work environment unbearable and eventually terminated Ms. Lopo's employment citing behavior issues as the reason on February 22, 2022.

## DAMAGES

As AFI is aware, lawsuits are expensive, distracting, and can result in expensive and embarrassing verdicts. They are also unnecessary, particularly if AFI is prepared to recognize the substantial liability that it would face in the event of litigation.

If Ms. Lopo prevails in her lawsuit, she will be entitled to the following damages:

- **Lost Wages** – Ms. Lopo will be entitled to backpay because of her unlawful termination and front pay damages due to the blatant violation of the Florida Civil Rights Act of 1992 (FCRA). Under the factual circumstances here, total lost wages are likely to be substantial – quite likely three years of salary plus benefits, or roughly $150,000.00.

Cherise Esposito
Sandra Hinckley
April 5, 2023
Page 6 of 6

• **Emotional Distress Damages** – Ms. Lopo has been emotionally and physically devastated by these events. Although we realize that emotional damage awards are highly unpredictable, an emotional distress award of $50,000.00 is entirely reasonable.

• **Attorney's Fees** – Under the fee shifting statute, Ms. Lopo is entitled to reimbursement of attorney's fees. Based on the facts of this case, we anticipate reimbursement of about $50,000.00 in fees and costs after Ms. Lopo prevails at trial.

• **Punitive Damages** – Under State law, Ms. Lopo is entitled to punitive damages. We expect a large punitive damage award based on the egregious conduct of AFI and expect to obtain at least $50,000.00 in punitive damages.

These estimates do not include fees and costs that AFI and any individual defendants will pay their attorneys or pre-judgment interest. Put simply, if this case proceeds through trial, AFI and the individuals named in the lawsuit could easily end up paying up to $300,000.00, along with an embarrassing jury verdict that highlights the discriminatory and unlawful manner AFI treated a quality employee.

## DEMAND

At this time, Ms. Lopo demands payment of $100,000.00 from AFI for back pay, compensatory damages, front pay, and her resulting legal fees. You have until April 28, 2023, to accept this settlement offer and tender the appropriate payment to my office. If you do not tender payment of $100,000.00 by May 5, 2023, my client will file suit against AFI for claims in violation of the Florida Civil Rights Act. To satisfy this demand the check with payment must be provided to my office by April 28, 2023. The check must be made payable to Jason W. Imler, P.A. IOLTA.

Again, we must request that you retain the documents previously cited in this letter, including electronically stored information. Failure to preserve this evidence could result in judicial sanctions including waiver of defenses in a future Court action.

If you maintain that these claims are governed by an arbitration or other alternate dispute resolution process that precludes the filing of same in court, please provide a copy of same for our immediate review.

If you have any questions, please do not hesitate to call me at my office or email me at Jason@ImlerLaw.com.

Sincerely,

Jason W. Imler, Esq.