Filing # 180923454 E-Filed 08/31/2023 03:30:21 PM

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**KAYLA LOPO,**

      **Plaintiff,**

**v.**                                                      **CASE NO:**

**ASHLEY FURNITURE INDUSTRIES,**

      **Defendant.**

_____./

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAYLA LOPO, (hereinafter "Ms. Lopo" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, ASHLEY FURNITURE INDUSTRIES, (hereinafter "AFI," "Company," or "Defendant") and states the following:

## INTRODUCTION

1.      The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on gender and sexual orientation discrimination in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her gender and sexual orientation and retaliated against her in violation of her rights under the FCRA.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future

1

pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This is an action for damages which exceeds thirty thousand dollars ($30,000.00).

6. This is a civil action by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al*.

7. Venue is appropriate in Hillsborough County under § 47.011, Florida Statutes (2016), because the events giving rise to the cause of action occurred in Hillsborough County.

## PARTIES

8. The Plaintiff is KAYLA LOPO, thirty-six-year-old lesbian who resides in Hillsborough County, Florida.

9. Plaintiff is a member of a class protected against discrimination based on her gender and sexual orientation by the FCRA.

10. Defendant employed Plaintiff to work as a Quality Supervisor for their Brandon, Florida Retail Distribution Center from November 16, 2020, until February 22, 2022.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable state statutes.

12. The Defendant is ASHLEY FURNITURE INDUSTRIES, a Foreign Limited Liability Company with a principal address located at One Ashley Way, Arcadia, Wisconsin 54612.

13.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida from their location at 2998 Broadway Center Blvd, Brandon, Florida 33510.

14.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable state statutes including, but not limited to, the FCRA.

15.     Accordingly, Defendant is liable under the FCRA for the unlawful discrimination to which it subjected Plaintiff as more fully alleged herein.

## **ADMINISTRATIVE PREREQUISITES**

16.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.     On April 18, 2022, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, gender, and sexual orientation discrimination.

18.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

19.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

20.    On November 16, 2020, Ms. Lopo began her employment with AFI as a Quality Supervisor for the Brandon, Florida Retail Distribution Center (RDC).

21.    Ms. Lopo reported directly to the Senior Quality Manager of Retail, Matt Schultz, and the Employment Manager, Mike Gappa.

22.    Throughout her employment, Ms. Lopo often heard her coworkers making inappropriate and offensive comments about her sexuality. Mr. Schultz was no exception.

23.    Tired of Mr. Schultz's unethical behavior, Ms. Lopo reached out to AFI's Senior Operations Manager, Logan Huston, to request a transfer to a new supervisor. Mr. Huston sympathized with Ms. Lopo but told her that a transfer was not likely.

24.    Ms. Lopo then reached out to AFI's Regional Human Resources Manager of Global Retail, LLC., Janet Morgan. Ms. Morgan let Ms. Lopo know that she spoke with Mr. Gappa and informed him that Ms. Lopo wanted a transfer, hoping that Mr. Gappa would assist Ms. Lopo to transfer out of her department.

25.    Ms. Lopo began applying for open positions in various Ashley companies. She applied for eleven (11) positions in total between December 10, 2021, and March 2022. Unfortunately, Ms. Lopo never received a transfer.

26.    On January 15, 2022, Mr. Schultz offered Ms. Lopo the option to take the day off to make up for having to work on January 13, 2022, her anniversary. Ms. Lopo thanked Mr. Schultz for his consideration, but when she did, Mr. Schultz asked her, "So which one of you in the relationship is considered the masculine one?" Rightfully offended by Mr. Schultz's question and by the fact that he asked her something like that in front of her coworker, Kayla Estrella, Ms. Lopo

4

answered, "I'm better with money and finances." Mr. Schultz then replied, "Okay, it's you then! Why don't you go home and surprise your wife and buy her flowers?"

27.     Having taken offense at Mr. Schultz's questions, Ms. Lopo left the office and later submitted a formal complaint to Ms. Morgan.

28.     Following her complaint, Mr. Schultz and Mr. Gappa actively went out of their way to make Ms. Lopo's work environment unbearable. They allowed Jason Hunt and Maurice Hollinger, Ms. Lopo's subordinates, to verbally assault her without facing any consequences for their unethical behavior.

29.     Ms. Lopo tried to address her subordinates' behavior, but Mr. Schultz and Mr. Gappa did not allow it, effectively rendering Ms. Lopo powerless to the abuse and harassment.

30.     At one point, Ms. Lopo's subordinates filed a formal complaint against her, and AFI addressed their complaint by immediately placing Ms. Lopo on a final written warning. However, at no point did AFI act against Mr. Schultz regarding Ms. Lopo's verified complaint.

31.     On February 22, 2022, Mr. Schultz terminated Ms. Lopo's employment. He alleged behavior issues were the reason behind her termination.

## COUNT I
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
### Gender and Sexual Orientation Discrimination

32.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.     Plaintiff, a thirty-six-year-old lesbian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender and sexual orientation.

34.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

5

35.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

36.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on her gender.

37.     As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

38.     Defendant violated the FCRA by, among other things, failing to promptly correct Mr. Schultz, Mr. Gappa. Mr. Hunt, and Mr. Hollinger for their discriminatory behavior and by terminating Plaintiff as a form of retaliation following her formal written complaint regarding the discriminatory behavior she had to face at work.

39.     Plaintiff, by being subjected to this disparate treatment, discrimination, and hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

40.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take

6

prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

41.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, KAYLA LOPO, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ASHLEY FURNITURE INDUSTRIES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender and sexual orientation;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused

7

and allowable under the FCRA, according to proof;

      E.     Award Plaintiff pre- and post-judgment interest;

      F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

      G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
**Retaliation**

42.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

43.     Plaintiff a thirty-six-year-old lesbian, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender and sexual orientation.

44.     On or about January 15, 2020, Ms. Lopo submitted a formal complaint to Ms. Morgan regarding the sexually offensive comment Mr. Shultz's made to Ms. Lopo regarding her gender and sexual orientation.

45.     Following her complaint, Mr. Schultz and Mr. Gappa actively went out of their way to make Ms. Lopo's work environment unbearable. They allowed Jason Hunt and Maurice Hollinger, Ms. Lopo's subordinates, to verbally assault her without facing any consequences for their unethical behavior.

46.     Ms. Lopo tried to address her subordinates' behavior, but Mr. Schultz and Mr. Gappa did not allow it, effectively rendering Ms. Lopo powerless to the abuse and harassment.

8

47. At one point, Ms. Lopo's subordinates filed a formal complaint against her, and AFI addressed their complaint by immediately placing Ms. Lopo on a final written warning. However, at no point did AFI act against Mr. Schultz regarding Ms. Lopo's verified complaint.

48. On February 22, 2022, Mr. Schultz terminated Ms. Lopo's employment. He alleged behavior issues were the reason behind her termination.

49. Defendant subjected Plaintiff to adverse employment actions in retaliation for her complaints of gender discrimination.

50. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

51. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

52. Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

53. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

54. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived her of statutory rights under the FCRA.

55. As a direct, proximate, and foreseeable result of Defendant's aforementioned

Case 8:23-cv-02248-JSM-LSG   Document 1-6   Filed 10/04/23   Page 10 of 11 PageID 62

actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, KAYLA LOPO, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ASHLEY FURNITURE INDUSTRIES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her continued complaints related to the discriminatory conduct of her coworkers;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.       Award Plaintiff pre- and post-judgment interest;

F.       Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.       Grant such other and further relief as this Court may deem equitable, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 31st day of August 2023.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com

11